22SL-CC03567

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| PAMELA LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| WERNER CO., | ) |
| | ) JURY TRIAL DEMANDED |
| Serve: CT Corporation System | ) |
| 120 South Central | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendant. | ) |

**PETITION**

**COMES NOW** Plaintiff Pamela Lee and for her Petition against Defendant Werner Co. states:

**COMMON ALLEGATIONS**

1. Plaintiff Pamela Lee ("Lee") is a resident and citizen of St. Louis County, Missouri.

2. Defendant Werner Co. ("Werner") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business is located in the State of Illinois.

3. Service of process may be accomplished on Werner through its registered agent CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

4. Venue is proper in the Circuit Court of St. Louis County, Missouri pursuant to Mo. Rev. Stat. § 508.010 because Lee was first injured in St. Louis County, Missouri at her home.

5. Werner is in the business of designing, manufacturing, distributing, and selling ladders which are intended by Werner to ultimately be offered for sale to and purchase by the general public.

**EXHIBIT A**

6. Werner designed, manufactured, distributed, sold, or otherwise placed into the stream of commerce in the course of its business a Telescoping Professional Grade, Type IA, Duty Rating 300 lbs., Multi-Ladder, Model No. MT-13 IA ("Ladder").

7. Werner designed, manufactured, distributed, sold, or otherwise placed into the stream of commerce the Ladder which has outer extruded "C" channel side rails that are tied together with three outer steps and one inner strap positioned at the same level of the lowest outer step. The lowest step and back strap both have knee brace straps added on each side for stability. The outer rails are flared out toward each side at the end to provide a wider stance on each end of the Ladder. The inner side rails that slide/telescope within the outer "C" channel side rails are rectangular tubes with steps fastened between the side rails. The inner side rails are pinned/fixed into various positions with spring loaded "J" locks that are positioned through holes in the outer rails and into holes through the inner rails and into the inner rungs.

8. Lee purchased her Ladder new from a retailer in the St. Louis Metropolitan area to be used for her own residential use.

9. The Ladder is advertised/sold by Werner as:

**FEATURES**

**Now Lighter Weight!**

**Five positions: 1. Twin Step Ladder 2. Stairway Step Ladder 3. Extension ladder 4. 2-Scaffold bases 5. Wall Ladder**

**Double riveted steps for long lasting durability**

**Extra wide flared bottom for firm support**

**Slip-resistant feet**

**Adjustable telescoping design for maximum versatility**

**Designed for one or two person jobs**

**Size refers to the ANSI definition of length. ANSI code: A14.2-2007 6.2.4**

**Smooth curved rails for comfortable climbing**

**Shatter-Proof J-Locks2**

**The lightweight MT-13 14ft reach Multi-Position Ladder is versatile and easy to transport. The adjustable telescoping design allows the ladder to be used in 5 different positions -- Twin Step Ladder, Stairway Step Ladder, Extension Ladder, Wall Ladder and as 2 Scaffold Bases. In the Step Ladder mode, this hybrid ladder can be used for one or two person jobs with a duty rating of 300lb per side. The feet are slip resistant and the ends of the multi-position ladder are flared for firm support. Smooth curved rails allow for comfortable climbing. With its many uses, this Multi-Position Ladder fits all your climbing needs.**

10.  On November 27, 2016, Lee was in her garage where she was moving items from an attic storage shelf area and was utilizing her Ladder by having her Ladder opened into the extension ladder position with the top and bottom sections extended up one rung each (middle extension position on each side) for an overall extended length of 9'-0".

11.  Lee was using the Ladder in a manner for which it was designed and for which it was reasonably anticipated by Werner that it would be used.

12.  Lee was on the Ladder when its side rail yielded causing her to lose her balance and fall to the concrete garage floor below.

13.  As a result, Lee sustained a laceration to her superior occiput; bilateral conjunctival hemorrhages; an occipital fracture to her head; a subdural hematoma; a parenchymal contusion; a loss of consciousness and disorientation for several days; a contusion of her right elbow, a intraparenchymal hematoma of the brain; a scalp laceration; an intracranial hemorrhage; closed fractures of multiple ribs; a severe traumatic brain injury; a skull fracture involving the left

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

occipital bone extending into the left internal auditory canal, the left carotid canal, and the left sphenoid sinus; frontal lobe contusions; a cranial nerve palsy; positional vertigo; memory and cognitive issues which later improved; a shearing of her olfactory nerve fibers at the cribriform plate resulting in her complete loss of her sense of smell which is permanent and complete and which, in turn, has altered her sense of taste.

14. As a result of her injuries Lee was hospitalized and has had follow up medical treatment and care by which she has incurred medical bills, pain and suffering, and permanent injuries.

15. This model Ladder or other Werner models which are substantially similar in design and manufacture have resulted in other similar failures when the ladders were being utilized properly.

16. Upon information and belief, this model Ladder or other Werner model ladders which is substantially similar in design and manufacturer have been subject to recall notices by Werner for defects.

17. This Ladder is substantially similar in design and manufacture to Werner models Type IA MT-17, MT-22 and MT-26.

18. This Ladder is substantially similar in design and manufacture to Werner models Type IAA MT-14, MT-18, MT-22 and MT-26.

19. Werner's website allows users to its website to "compare" model Type IA MT-13 to models Type IA MT-17, MT-22 and MT-26.

20. Werner's website allows users to its website to "compare" model Type IA MT-13 to models Type IAA MT-14, MT-18, MT-22 and MT-26.

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

21. Model MT-13 has undergone revisions known as MK 1, MK 2, MK 3, MK 4, MK 5, MK 6 and MK7 and all such designs are substantially similar in design and manufacture to Plaintiff's Ladder.

22. This litigation was previously filed in the Circuit Court of St. Louis County on November 19, 2020 and was then known as Case Number 20SL-CC05720. Such was then removed to the United States District Court for the Eastern District of Missouri, Eastern Division, by Defendant Werner, on March 11, 2021 and was then known as Case Number 4:21-CV00305. The litigation was then voluntarily dismissed, without prejudice, by stipulation of the parties, on February 12, 2022. This matter is then timely re-filed pursuant to Mo. Rev. Stat. § 516.230, Missouri's Savings Statute.

## COUNT I—Strict Products Liability—Product Defect

**COMES NOW** Plaintiff Pamela Lee and for Count I of her cause of action against Defendant Werner Co. states:

1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

2. At the time of Lee's injuries the Ladder was in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use in that:

   a. The outer "C" channel side rails did not contain an upper back strap to connect the upper back portions of the outer "C" channels.

   b. The side rails were unstable when the Ladder is used in three positions.

   c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail

rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

    d. The Ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

    3. These defects directly caused or directly contributed to cause Lee's fall and injures.

    4. Werner modified the subject model ladder MT-13, MK 7 to incorporate an upper back strap in order to cure the defects asserted here.

    **WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

### COUNT II—Strict Products Liability—Failure to Warn

    **COMES NOW** Plaintiff Pamela Lee and for Count II of her cause of action against Defendant Werner Co. states:

    1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

    2. At the time of Lee's injuries the Ladder was in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use in that:

    a. The outer "C" channel side rails did not contain an upper back strap to connect the upper back portions of the outer "C" channels.

    b. The side rails were unstable when the Ladder is used in three positions.

    c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

    d.  The Ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

    3.  Werner did not give an adequate warning to Lee of these dangers.

    4.  Lee used the Ladder without knowledge of these characteristics.

    5. These defects and the failure to warn of these defects directly caused or directly contributed to cause Lee's fall and injures.

    6.  Werner modified the subject model ladder MT-13, MK 7 to incorporate an upper back strap in order to cure the defects asserted here.

    **WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT III—Breach of Express Warranty—Mo. Rev. Stat. § 400.2-313**

    **COMES NOW** Plaintiff Pamela Lee and for Count III of her cause of action against Defendant Werner Co. states:

    1.  Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

2. At the time of Lee's purchase of the Ladder, Werner represented that its Ladder was safe for use when used in a manner reasonably anticipated and for which it was designed and manufactured pursuant to Mo. Rev. Stat. § 400.2-313.

3. Werner's' representations that its Ladder was safe for use was a material factor in Lee's decision to purchase Werner's Ladder.

4. Werner's Ladder did not conform to such representations made by Werner that its Ladder was safe for reasonable use.

5. Werner's Ladder was not safe for reasonable use in that:

a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

b. The side rails were unstable when the Ladder is used in three positions.

c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

d. The Ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

6. Lee was unaware of Werner's failure to conform to its representations.

7. Werner's' failure to conform to it representations of safely directly caused or directly contributed to cause Lee's fall and injures.

8. Werner modified the subject model ladder MT-13, MK 7 to incorporate an upper back strap in order to cure the defects asserted here.

-8-

**WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

<u>**COUNT IV—Breach of Implied Warranty of Merchantability—
Mo. Rev. Stat. § 400.2-314**</u>

**COMES NOW** Plaintiff Pamela Lee and for Count IV of her cause of action against Defendant Werner Co. states:

1.  Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

2.  At the time of Lee's purchase, Werner's Ladder was not fit for one of its ordinary purposes, namely, safe use of climbing a ladder to retrieve items from a raised location.

3.  Lee used her Ladder for such purpose of retrieving items from a raised location, namely, her Christmas decorations.

4.  Werner represented that its Ladder was safe for use when used in a manner reasonably anticipated and for which it was designed and manufactured pursuant to Mo. Rev. Stat. § 400.2-314.

5.  Werner's' representations that its Ladder was safe for use was a material factor in Lee's decision to purchase Werner's Ladder.

6.  Werner's Ladder did not confirm to such representations made by Werner that its Ladder was safe for reasonable use as the Ladder is not fit for its ordinary purpose by which ladders are used, namely, safe use of climbing a ladder to retrieve items from a raised location.

7.  Werner's Ladder was not safe for reasonable use in that:

    a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

    b. The side rails were unstable when the Ladder is used in three positions.

    c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

    d. The ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

    8. Werner's' failure to conform to it representations of safety directly caused or directly contributed to cause Lee's fall and injures.

    9. Werner modified the subject model ladder MT-13, MK 7 to incorporate an upper back strap in order to cure the defects asserted here.

    **WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT V—Breach of Implied Warranty of Fitness for a Particular Purpose—
Mo. Rev. Stat. § 400.2-315**

    **COMES NOW** Plaintiff Pamela Lee and for Count V of her cause of action against Defendant Werner Co. states:

1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

2. At the time of Lee's purchase, Werner's Ladder was not fit for one of its ordinary purposes, namely, safe use of climbing a ladder to retrieve items from a raised location.

3. Werner represented that its Ladder was safe for use when used in a manner reasonably anticipated and for which it was designed and manufactured pursuant to Mo. Rev. Stat. § 400.2-315.

4. Werner's' representations that its Ladder was safe for use was a material factor in Lee's decision to purchase Werner's Ladder.

5. Werner's Ladder did not conform to such representations made by Werner that its Ladder was safe for reasonable use.

6. Werner's Ladder was not safe for reasonable use in that:

a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

b. The side rails were unstable when the Ladder is used in three positions.

c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

d. The ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

7. Lee relied on Werner's skill and judgment to furnish ladders which are suitable and safe for reasonable use.

8. Werner's' failure to conform to it representations of safety directly caused or directly contributed to cause Lee's fall and injures.

9. Werner modified the subject model ladder MT-13, MK 7 to incorporate an upper back strap in order to cure the defects asserted here.

**WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

### COUNT VI—Negligent Design, Manufacture, Distribution, and/or Sale

**COMES NOW** Plaintiff Pamela Lee and for Count V of her cause of action against Defendant Werner Co. states:

1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

2. Werner failed to use ordinary care in the designing of, the manufacturing of, the distribution of, and/or the sale of the Ladder to be reasonably safe due to the following acts or omissions:

   a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

   b. The side rails were unstable when the Ladder is used in three positions.

Electronically Filed - St Louis County - August 05, 2022 - 11:43 AM

  c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

  d. The ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

  3. Werner knew or reasonably should have known in the exercise of ordinary care that injuries were likely to occur as a result of the acts and omissions listed.

  4. Werner's acts or omissions directly caused or directly contributed to cause Lee's fall and injures.

  **WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

## COUNT VII—Negligent Failure to Warn

  **COMES NOW** Plaintiff Pamela Lee and for Count VII of her cause of action against Defendant Werner Co. states:

  1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

  2. Werner failed to use ordinary care in providing an adequate warning of design and/or manufacturing defects as follows:

    a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

    b. The side rails were unstable when the Ladder is used in three positions.

    c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

    d. The Ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

    3. Werner knew or reasonably should have known in the exercise of ordinary care that injuries were likely to occur as a result of these acts and omissions and further failed to use ordinary care in warning users, including Lee, of such defects and dangers.

    4. Werner's failure to warn Lee directly caused or directly contributed to cause Lee's fall and injures.

    **WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT VIII—Negligent Supplying Dangerous Instrumentality**

    **COMES NOW** Plaintiff Pamela Lee and for Count VIII of her cause of action against Defendant Werner Co. states:

1. Plaintiff adopts and incorporates her allegations set forth in "Common Allegations" of ¶¶1 through 22, above.

2. Werner's Ladder was defective, hazardous, and/or dangerous when put to a reasonably expected use due to the following:

a. The outer "C" channel side rails did not contain an upper flat back strap to connect the upper back portions of the outer "C" channels.

b. The side rails were unstable when the Ladder is used in three positions.

c. When the Ladder is used as an extension ladder in its 8', 9', or 10' lengths with at least one telescopic side adjusted to its middle position the inner side rail acts as a lever which applies outward force onto the upper portion of the unrestrained outer side rails allowing the inner rail to shift all of the mating tolerance to one side such that the outer "C" channel rail rotates under load and deflects to the point of separation resulting in the yielding of the ladders side rails' structural integrity.

d. The Ladder's ability to twist/deflect to the yielding side results in the user to lose their balance and fall.

3. The Ladder was put to a reasonably expected use by Lee.

4. Lee had no reason to believe that those who use the Ladder, including herself, would realize its dangerous conditions.

5. Werner knew or had information from which Werner, in the exercise of ordinary care, should have known of such dangerous conditions.

6. Werner was negligent in that it failed to warn of its Ladder's dangerous condition and defects.

7. Werner's negligence directly caused or directly contributed to cause Lee's fall and injures.

**WHEREFORE**, Plaintiff Pamela Lee respectfully prays this Honorable Court to issue its order granting judgment over and against Defendant Werner Co. based upon the trier of fact's finding in an amount which is fair and reasonable and in excess of $75,000 along with Plaintiff's costs expended and any such further Orders as this Honorable Court deems just and proper under the circumstances.

/s/ Robert J. Wulff
Robert J. Wulff, Bar No.: 34081
Evans & Dixon, L.L.C.
Attorney for Plaintiff
211 North Broadway, 25th Floor
St. Louis, Missouri  63102
(314) 552-4054  Tel. No.
(314) 884-4454  Fax No.
rjwulff@evans-dixon.com